

# MCNEW KING MILLS BURCH & LANDRY, LLP
### ATTORNEYS & COUNSELORS AT LAW

*A Limited Liability Partnership including Professional Legal Corporations*

William T. McNew
Brady D. King II
A. Carter Mills, IV
Ashley S. Burch
John B. Landry, Jr.*†
Jennifer H. Johnson*

Phone: (318) 361-3140
Fax: (318) 361-3141
www.mkmblaw.com

2400 Forsythe Avenue, Suite 2
Monroe, Louisiana 71201

*Also Admitted in Mississippi
†LL.M. in Taxation

Brady D. King, II
bking@mkmblaw.com
Writer's Direct: 318-361-3154

November 2, 2009

**CMRRR#: 7008 3230 0002 7926 8614**
Mr. Jerome Richard Skow
One Destiny Way
West Lake, TX 76267

RE: Stephen H. Rugg and Patricia A. Rugg
Versus No.: 09-3981
Fidelity Brokerage Services, L.L.C., Strategic
Advisors, Inc., Matthew Gibson, Dan Davidson,
and Jerome Skow
**MKMBL File No. 5258.034**

Dear Mr. Skow:

**Enclosed** please find a certified copy of a Petition for Damages. Also, **enclosed** is a Long-Arm Citation issued by the Clerk of Court for the Fourth Judicial District Court, Ouachita Parish, Louisiana regarding the above-referenced matter. This citation has been issued pursuant to Louisiana Revised Statutes Section 13:3201.

Sincerely,

McNew, King, Mills, Burch & Landry, L.L.P.

Brady D. King, II

BDKII/ndh
Enclosures

**EXHIBIT A**

## LONG-ARM CITATION

D1240027
GS

STEPHEN H RUGG

VS

FMR CO., INC.

DOCKET NUMBER: C-20093981
SEC: C1
STATE OF LOUISIANA
PARISH OF OUACHITA
FOURTH JUDICIAL DISTRICT COURT

TO: JEROME RICHARD SKOW
ONE DESTINY WAY
WEST LAKE, TX 76267

### YOU HAVE BEEN SUED.

Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for. You must EITHER do what the petition asks, OR, within THIRTY (30) days after the filing in the record of the affidavit of the individual who either mailed or actually delivered the process to you, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Courthouse, 301 South Grand, Monroe, Louisiana. If you do not do what the petition asks, of if you do not file an answer or other legal pleading within the delays allowed by law, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish this 29TH DAY OF OCTOBER, 2009.

W.J. (BILL) HODGE, CLERK OF COURT

Also attached are the following:
PETITION FOR DAMAGES

By: GWEN STANSELL
    Deputy Clerk

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAILED a certified copy of this Citation on this the 29TH DAY OF OCTOBER, 2009, for mailing to JEROME SKOW.

TO: BRADY D. KING, II
    2400 FORSYTHE AVENUE SUITE 2
    MONROE, LA. 71201

                                    Deputy Clerk

_____ ORIGINAL -- TO BE FILED IN RECORD
  ✓    SERVICE COPY

CERTIFIED TRUE COPY
OCT 2 8 2009
BY _____
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA.

STATE OF LOUISIANA * PARISH OF OUACHITA

FOURTH JUDICIAL DISTRICT COURT

STEPHEN H. RUGG AND PATRICIA A. RUGG

FILED: OCT 2 9 2009

**09-3981**
VERSUS NO.:

KATHERINE R. BOYD

FMR CO., INC., STRATEGIC ADVISERS, INC., MATTHEW GIBSON, DAN DAVIDSON, AND JEROME SKOW

DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, STEPHEN H. RUGG and PATRICIA A. RUGG, husband and wife and persons of a full age and majority of this parish and state, whose Petition for Damages avers as follows:

1.

Named defendants are:

FMR Co., Inc., a foreign corporation, which may be served through Long Arm Statute at 82 Devonshire Street, V109, Boston, MA. 02109;

STRATEGIC ADVISERS, INC., a foreign corporation which may be served by Long Arm Statute at One Destiny Way, West Lake, Texas 76267;

MATTHEW DAVID GIBSON, a resident of the state of Texas and employee of Strategic Advisers, Inc., who may be served at One Destiny Way, West Lake, Texas 76267;

DAVID ALLEN DAVIS, a resident of the state of Texas and employee of Strategic Advisers, Inc, who may be served at One Destiny Way, West Lake, Texas 76267; and

JEROME RICHARD SKOW, a resident of Texas and an employee of Strategic Advisers, Inc., who may be served at One Destiny Way, West Lake, Texas 76267.

2.

Plaintiffs are husband and wife and residents of Ouachita Parish.

3.

At times pertinent hereto, Mr. Stephen H. Rugg had been a long time employee of Lord, Bacon & Davis, L.L.C. and prior to 2001 had accumulated significant investment and retirement portfolios.

4.

At times pertinent hereto, Patricia A. Rugg was a long time employee of the University of Louisiana at Monroe and prior to 2001 had also accumulated significant investment and retirement portfolios.

5.

On a date unknown but prior to 2001, Strategic Advisers, Inc. was organized and operated as a registered investment advisor company associated with Fidelity Investments company, a trade name used by FMR Co., Inc..

6.

At times pertinent hereto, Matthew Gibson, Dan Davis, and Jerome Skow were employees and agents of Strategic Advisors, Inc.

7.

On dates unknown but prior to January 2001, FMR Co., Inc. ("Fidelity") was organized and operated as a brokerage and/or advisor service closely aligned with Strategic Advisers, Inc.

8.

In January of 2001, Matthew Gibson, holding himself out as an Investment Advisor Representative for Strategic Advisers, Inc., contacted Mr. Rugg regarding his then current joint investments with his wife, Patricia Rugg, and recommended that he move those to a Portfolio Advisory Services "PAS" Account to be managed by Strategic Advisors, Inc.

9.

Shortly after contact, Mr. and Mrs. Rugg filled out a questionnaire prepared by Strategic Advisors. In that questionnaire Mr. and Mrs. Rugg identified their current ages and expected retirement ages: 60 (later changed to 65) and 55 respectively. At the time Mr. Rugg filled out the profile for the joint account he was 51 years of age.

10.

Mr. and Mrs. Rugg were provided voluminous amounts of marketing literature prepared by Strategic Advisers and Fidelity. Said literature expressly and unequivocally made representations and recommendations concerning stock allocations for those persons approaching retirement, promised regular portfolio review and adjustments, and guaranteed that defendants would be responsive to client requests and changes in financial conditions.

11.

Portfolio reviews were represented to take place at least once a year.

12.

Strategic Advisors, Inc./Fidelity's literature reviewed by Mr. and Mrs. Rugg further provided and recommended that stock allocations would be reduced as a client neared retirement.

2

13.

Strategic Advisers, Inc. further held itself as an Investment Advisor and its employees as Investment Advisor Representatives registered in the state of Louisiana.

14.

Based upon these representations and assurances, the Ruggs jointly transferred a significant sum to a joint account, bearing account number Y98067490, to be managed by Strategic Advisors, Inc.

15.

Shortly thereafter, Matthew Gibson contacted Mr. Rugg concerning moving funds to a PAS retirement account to be managed by Strategic Advisors, Inc.

16.

Strategic Advisers, Inc. was again informed of Mr. Rugg's target retirement date and agreed to make those adjustments to his retirement portfolio as were necessary to preserve and grow his retirement portfolio.

17.

Shortly thereafter, Matthew Gibson contacted Mrs. Rugg concerning moving funds to a PAS retirement account to be managed by Strategic Advisors, Inc.

18.

Strategic Advisors, Inc. was again informed of Mrs. Rugg's target retirement date.

19.

The Ruggs moved their respective retirement accounts to Strategic Advisors, Inc. based upon its agents and employee's representations and assurances that they would identify an appropriate model portfolio for the funds, make adjustments to the portfolios within the guidelines associated with the Ruggs' financial goals and reallocate accordingly, and be responsive to the Ruggs' requested changes in allocations.

20.

Mr. Rugg's retirement account bore account No. Y99515523. Mrs. Rugg's retirement account bore account No. Y99516775.

21.

Before and after the inception of the accounts, Mr. Rugg had numerous telephone conferences with Strategic Advisors, Inc.'s employees, including Dan Davis and later Jerry Skow, and requested that they consider changing the portfolios from 70% stock allocation to a

3

lesser percentage due to his and his wife's approaching retirement date. These requests for consideration remained unanswered.

22.

In May of 2008, Mr. Rugg underwent shoulder surgery, anticipated he would have to undergo knee surgery in the near future, and was experiencing back and leg pain from prior surgeries. Because of his physical condition, he advised Strategic Advisors, Inc. that he was planning to take immediate retirement due to disability.

23.

As a result of his changing physical condition, Mr. Rugg contacted Jerry Skow, an employee of Strategic Advisors, Inc, requesting conferences and that Mr. Skow change the portfolios from 70% stocks (the stock allocation at that time despite previous requests for a lower stock allocation) to 50% or less. That request remained unanswered.

24.

The Ruggs received notice of rebalanced portfolios on October 28, 2008 and subsequently on November 14, 2008, wherein the high 70% stock allocation was maintained for all accounts.

25.

Shortly thereafter, due to Strategic Advisors, Inc.'s failure to follow its own policies and investment guidelines and consider changes as requested, the Ruggs closed all accounts.

26.

Upon information and belief, Strategic Advisers, Inc. and its Investment Advisor Representatives were not registered as a financial adviser or investment advisor representatives in the state of Louisiana at the times pertinent hereto.

27.

Strategic Advisor Inc.'s actions, omissions, and gross negligence, as detailed above, have directly caused the Ruggs significant losses in their portfolios which would not have occurred but for Strategic Advisors, Inc.'s actions, omissions, and gross negligence.

## RESCISSION/NULLITY

28.

Plaintiffs show that the misrepresentations of Strategic Advisors, Inc. as to its and its Investment Adviser Representatives' registration status for the State of Louisiana and its failure

4

to follow its own policy and protocols and the explicit instructions given by the Ruggs require a rescission/or a declaration of nullity of the agreement between the parties.

29.

As such, the parties should be placed in the position they enjoyed prior to the agreements subject to this petition and defendants ordered to return of all amounts funded by plaintiffs and management fees paid to date as more fully described below, plus judicial interest and/or loss of earning potential from the date of inception of the subject accounts.

## BREACH OF CONTRACT

30.

The acts of Strategic Advisors, Inc. constitute a breach of contract. Strategic Advisors, Inc. represented that it would reallocate based upon changes in condition or client request.

31.

Strategic Advisors, Inc. was aware or should have been aware of changes in condition and plaintiffs' approaching retirement dates and was actually informed of those changes in conditions but failed to reallocate causing damages as described below.

## DETRIMENTAL RELIANCE

32.

Strategic Advisors, Inc. and Fidelity's acts and omissions are actionable under a theory of detrimental reliance. Strategic Advisors, Inc. represented that it would change allocations based upon yearly reviews and/or changes in conditions. Based upon those representations, plaintiffs invested with Strategic Advisors, Inc. thereby changing their position to their detriment which has caused plaintiffs damages as described below.

## BREACH OF FIDUCIARY DUTY

33.

Strategic Advisors, Inc. was in a position of trust and owed plaintiffs a good faith duty to timely and appropriately discharge its obligations.

34.

Strategic Advisors, Inc.'s acts and omissions, described above, breached plaintiffs' trust, constituted a breach fiduciary duty, and caused plaintiff damages as described below.

5

## GROSS NEGLIGENCE

35.

Strategic Advisors, Inc.'s failure to follow its own protocols and investment guidelines and its clients' instructions, as described above, constitutes gross negligence which has caused plaintiffs' damages as described below.

## BREACH OF STATE AND FEDERAL LAW

36.

Strategic Advisors, Inc.'s and Fidelity's acts and omissions, as described above, constitute a breach of state and federal law including but not limited to the Louisiana Unfair Trade Practices Act, Louisiana Securities law, and the Investment Advisors Act of 1940.

## DAMAGES/RELIEF

37.

Plaintiffs therefore seek a rescission of the subject agreements or, in the alternative, a declaration of the nullity of the agreements due to defendants' false and misleading representations as to their registration in the State of Louisiana and all other acts or omissions as described above.

38.

Plaintiffs' are therefore entitled to the recovery of all the initial investments totaling One Million, Four Hundred Sixty-six Thousand, One and 90/100 ($1,466,001.90) Dollars and management fees of Seventy-six Thousand, Seven Hundred Ten and 68/100 ($76,710.68) Dollars for a total of One Million, Five Hundred Forty-two Thousand, Seven Hundred Twelve and 58/100 ($1,542,712.58) Dollars less amounts withdrawn of One Million, One Hundred Forty-four Thousand, One Hundred Twenty and no/100 ($1,144,121.00) Dollars totaling Three Hundred Ninety-eight Thousand, Five Hundred Ninety-one and 58/100 ($398,591.58) Dollars .

39.

Plaintiffs show that they have been deprived of any opportunity to enjoy a return on their investment which, based upon Louisiana judicial interest, exceeds One Million, Three Hundred Eighty-three Thousand and 59/100 ($1,383,000.59) Dollars.

40.

In the alternative, plaintiffs show that they have been damaged as follows:

Plaintiffs were damaged by defendants' failure to reallocate as described above. If defendants had reallocated as required by their internal guidelines, plaintiffs' losses would have

6

been minimal and/or plaintiffs would have enjoyed a positive return on their investments of up to Five Eighty-one Thousand, Fifty-seven and no/100 ($581,057.00) Dollars.

41.

The Ruggs further show that they have paid significant management fees to Strategic Advisors since 2001. Since the date inception through the date of the accounts was closed, the Ruggs have paid Seventy-six Thousand, Seven Hundred Ten and 68/100 ($76,710.68) Dollars in management fees.

42.

Due to defendants' acts and/or omissions as described above, the Ruggs are entitled to a return of the management fees of Seventy-six Thousand, Seven Hundred Ten and 68/100 ($76,710.68) Dollars and the loss of returns that would have been enjoyed but for defendants' acts and omissions more fully described above.

WHEREFORE, plaintiffs pray that their petition be deemed good and sufficient and that, after due proceedings are had, there be judgment in their favor and against defendants, casting defendants in judgment for all damages, costs, and attorneys' fees as are reasonable under the premises.

Respectfully submitted,

McNEW, KING, MILLS, BURCH & LANDRY, LLP
2400 Forsythe Avenue, Suite 2
Monroe, LA 71201
Telephone:  (318) 361-3140
Facsimile:  (318) 361-3141
Email:      bking@mkmblaw.com

Brady D. King, II (#18288)
Attorneys for Stephen H. Rugg and Patricia A. Rugg

Please serve through
Long Arm Statute:

FMR Co., Inc.
82 Devonshire Street, V109
Boston, MA 02109

Strategic Advisors, Inc.
One Destiny Way
West Lake, TX 76267

Matthew David Gibson
One Destiny Way
West Lake, TX 76267

David Allen Davis
One Destiny Way
West Lake, TX 76267

Jerome Richard Skow
One Destiny Way
West Lake, TX 76267

CERTIFIED TRUE COPY
OCT 28 2009
DEPUTY CLERK DISTRICT COURT
4TH JUDICIAL DISTRICT, OUACHITA PARISH, LA.

7

## VERIFICATION

STATE OF LOUISIANA

PARISH OF OUACHITA

BEFORE me, the Notary Public in and for the parish and state aforesaid, personally came and appeared:

### PATRICIA A. RUGG

Who, after being duly sworn did depose and state that she is a plaintiff in the attached Petition for Damages and that she has read all allegations therein. All allegations, to the best of her knowledge and belief, are accurate and truthful.

*Patricia A. Rugg*
PATRICIA A. RUGG

Printed Name: Brady King
NOTARY PUBLIC

## VERIFICATION

STATE OF LOUISIANA

PARISH OF OUACHITA

BEFORE me, the Notary Public in and for the parish and state aforesaid, personally came and appeared:

STEPHEN RUGG

Who, after being duly sworn did depose and state that he is a plaintiff in the attached Petition for Damages and that he has read all allegations therein. All allegations, to the best of his knowledge and belief, are accurate and truthful.

_____
STEPHEN RUGG

Printed Name: Brady King
NOTARY PUBLIC

STATE OF LOUISIANA * PARISH OF OUACHITA

FOURTH JUDICIAL DISTRICT COURT

STEPHEN H. RUGG AND PATRICIA A. RUGG

FILED: OCT 2 9 2009

09-3981

VERSUS NO.: _____

FIDELITY BROKERAGE SERVICES, L.L.C., STRATEGIC ADVISERS, INC., MATTHEW GIBSON, DAN DAVIDSON, AND JEROME SKOW

KATHERINE R. BOYD
DEPUTY CLERK OF COURT

### REQUESTS FOR TEN DAYS NOTICE OF TRIAL SETTINGS AND FOR NOTICE OF JUDGMENT

NOW COMES, STEPEHN H. RUGG. and PATRICIA A. RUGG, and pursuant to Article 1572 of the Louisiana Code of Civil Procedure, request ten (10) days written notice in advance of any setting of a hearing or trial in the captioned matter to be sent to undersigned counsel of record.

STEPEHN H. RUGG. and PATRICIA A. RUGG further request written notice of any interlocutory order or judgment pursuant to Article 1914 of the Louisiana Code of Civil Procedure also to be sent to undersigned counsel of record.

Respectfully Submitted

McNEW, KING, MILLS, BURCH & LANDRY, L.L.P.
2400 Forsythe Avenue, Suite 2
Monroe, Louisiana 71201
Phone:      (318) 361-3140
Facsimile:  (318) 361-3141
Email:      bking@mkmblaw.com

BRADY D. KING, II   #18288
ATTORNEYS FOR STEPEHN H. RUGG. and PATRICIA A. RUGG