UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN H. RUGG and PATRICIA A. RUGG,<br><br>Plaintiffs,<br><br>VERSUS<br><br>FMR CO., INC., STRATEGIC ADVISERS, INC., MATTHEW GIBSON, DAN DAVIDSON (*sic*), and JEROME SKOW,<br><br>Defendants. | CIVIL ACTION NO. 09-1952<br><br>JUDGE JAMES<br><br>MAGISTRATE JUDGE HAYES |

### ANSWER OF DEFENDANT STRATEGIC ADVISORS, INC.

Defendant Strategic Advisers, Inc. ("SAI") hereby answers the Complaint of Stephen H. and Patricia A. Rugg ("the Ruggs"). Defendants FMR Co., Inc., Matthew Gibson, Daniel Davis and Jerome Skow ("Defendants") have separately moved to dismiss the claims against them. To the extent that their motion is denied, Defendants will separately answer as required by the applicable Federal Rules of Civil Procedure.

SAI responds to the numbered paragraphs of the Complaint as follows:

1. SAI admits that FMR Co. Inc., is a foreign corporation, with a mailing address at 82 Devonshire Street, Boston, MA 02109. SAI admits that Strategic Advisers, Inc., is a foreign corporation with a place of business at One Destiny Way, Westlake, TX 76267. SAI denies that Matthew Gibson is a resident of the state of Texas or that he is, or at any time was, an employee of SAI. SAI admits that Daniel Davis is a resident of Texas and that he is an employee of SAI. SAI admits that Jerome Skow is a resident of Texas and that he is an employee of SAI. SAI denies the remaining allegations in this paragraph.

2. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

3. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

4. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

5. SAI admits that at all relevant times, it was a federally registered investment advisor. SAI further admits that Fidelity Investments is a trade name used by a number of affiliated companies owned by FMR LLC, including SAI. SAI further admits that FMR Co., Inc., is owned by FMR LLC and that, as such, FMR Co., Inc., may, from time to time, use the trade name Fidelity Investments.

6. SAI admits that at those times when Mr. Davis spoke with the Ruggs he was an SAI employee. Responding further, SAI admits that at those times when Mr. Skow spoke with the Ruggs he was an SAI employee. SAI denies that Mr. Gibson was an SAI employee.

7. SAI admits that FMR Co., Inc., is a federally registered investment advisor. SAI denies that FMR Co., Inc., is a "brokerage" or broker-dealer. SAI further admits that FMR Co., Inc., and SAI are both owned by FMR LLC and, therefore, are affiliates. SAI denies that SAI and FMR LLC are "closely aligned."

8. SAI admits that in January 2001, Mr. Gibson spoke with the Ruggs regarding opening a Portfolio Advisory Services ("PAS") account. SAI denies that Mr. Gibson initiated the discussion about opening PAS accounts. SAI denies the remaining allegations in this paragraph.

9. SAI admits that the Ruggs filled out a questionnaire, which document speaks for itself. Responding further, SAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations.

10. SAI admits that it sent the Ruggs information about the Ruggs' PAS accounts and that SAI, from time to time, sent the Ruggs information about other available products.

Responding further, SAI denies that documents it sent regarding the status or management of the Ruggs' PAS accounts were "marketing materials." As the Ruggs have not attached or specified the particular documents at issue, SAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations.

11. SAI admits the allegations in this paragraph.

12. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations. Responding further, the documents speak for themselves.

13. SAI admits only that it is and, at all relevant times was, a federally registered investment advisor. SAI denies that, during the relevant times it was required to register in the State of Louisiana or that it held itself or its employees out as being registered in Louisiana. Responding further, SAI denies that, at any relevant time period, its investment advisor representatives were required to register in the State of Louisiana.

14. SAI admits only that the Ruggs opened a joint account numbered XXX-XX7490 which was managed by SAI. SAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations.

15. SAI admits that Mr. Gibson discussed opening an individual retirement account ("IRA") with Mr. Rugg. Responding further, on information and belief, Mr. Gibson spoke with Mr. Rugg about the IRA at or about the same time as they discussed the joint account.

16. SAI admits only that it was informed of Mr. Rugg's target retirement date. SAI denies the remaining allegations in this paragraph.

17. SAI admits that Mr. Gibson discussed opening an IRA with Mrs. Rugg. Responding further, on information and belief, Mr. Gibson spoke with Mrs. Rugg about the IRA at or about the same time as they discussed the joint account and Mr. Rugg's IRA.

18. SAI admits that it was informed of Mrs. Rugg's target retirement date.

19. SAI admits that the Ruggs each opened IRAs in the PAS program and that the Ruggs entered into a written agreement with SAI, which agreement speaks for itself. SAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations.

20. SAI admits the allegations in this paragraph.

21. SAI admits that Mr. Davis and Mr. Skow had a number of phone conversations with Mr. and/or Mrs. Rugg. SAI denies the remaining allegations in this paragraph.

22. SAI admits that in May 2008 the Ruggs informed Mr. Skow that Mr. Rugg was on short term disability, denies being informed that he was planning to take immediate retirement, and admits being informed that he was applying for long term disability. SAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations.

23. SAI admits that Mr. Skow spoke with the Ruggs in May 2008 regarding Mr. Rugg's physical condition. SAI denies the remaining allegations in this paragraph.

24. SAI admits that it sends confirmation statements any time it makes changes in the portfolio, which confirmations speak for themselves.

25. SAI admits only that the Ruggs closed their PAS accounts. SAI denies the remaining allegations in this paragraph.

26. SAI denies that it is required to register as an investment advisor in Louisiana. Responding further, SAI denies that investment advisor representatives were required to register in Louisiana at any time relevant to the allegations of this complaint. Further responding, SAI has made notice filings with the State of Louisiana since October 2001.

27. SAI denies the allegations in this paragraph.

149908

## [I] RESCISSION/NULLITY

28. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

29. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

## [II] BREACH OF CONTRACT

30. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, SAI denies the allegations in this paragraph.

31. SAI admits only that Mr. Rugg discussed with Mr. Skow that Mr. Rugg was on short term disability and was applying for long term disability. SAI denies the remaining factual allegations in this paragraph. The remainder of this paragraph contains a conclusion of law as to which no response is required. To the extent a response is required, SAI denies the allegations in this paragraph.

## [III] DETRIMENTAL RELIANCE

32. SAI admits that it conducted periodic reviews of the Ruggs' accounts. SAI denies that reviews necessarily lead to a change in allocation. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Ruggs' state of mind. The remaining allegations in this paragraph contain conclusions of law as to which no response is required. To the extent a response is required, SAI denies the allegations in this paragraph.

149908

### [IV] BREACH OF FIDUCIARY DUTY

33. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, SAI denies the allegations in this paragraph.

34. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, SAI denies the allegations in this paragraph.

### [V] GROSS NEGLIGENCE

35. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

### [VI] BREACH OF STATE AND FEDERAL LAW

36. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

### DAMAGES/RELIEF

37. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

38. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

39. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

40. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

41. SAI admits that the Ruggs paid management fees for their PAS accounts, which fees were disclosed on their account statements. The account statements speak for themselves.

42. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred because the Complaint and each count thereof fail to state claims upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations and prescriptive/preemptive periods.

### THIRD DEFENSE

Plaintiffs' claims are barred because Plaintiffs' injuries were caused in whole or in part by the acts or omissions of third parties for which SAI is not responsible.

### FOURTH DEFENSE

Plaintiffs' negligence claims are barred or the amount they can recover is reduced because Plaintiffs' injuries were caused by their own comparative fault.

### FIFTH DEFENSE

Plaintiffs' claims are barred because there was an intervening and/or supervening cause of their injuries.

### SIXTH DEFENSE

The amount Plaintiffs may recover is reduced by their failure to mitigate damages.

149908

## SEVENTH DEFENSE

Plaintiffs' claims are barred because SAI did not cause the losses they purportedly suffered.

## EIGHTH DEFENSE

All activity in Plaintiffs' accounts was suitable for and consistent with Plaintiffs' stated investment objectives, as well as with their financial situations.

## NINTH DEFENSE

Plaintiffs authorized and ratified all of the transactions in their accounts.

## TENTH DEFENSE

Plaintiffs' losses, if any, were sustained as a result of or associated with their assumption of the risks associated with the investment vehicles they chose.

## ELEVENTH DEFENSE

Plaintiffs, by their actions and inactions, waived their rights to pursue their claims.

## TWELFTH DEFENSE

SAI breached no duties owed to Plaintiffs.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, due diligence, unclean hands, and estoppel.

## FOURTEENTH DEFENSE

Plaintiffs' damages (to the extent there are any, which is denied) are subject to appropriate reduction or set-off by the amount of income received from their investments.

## FIFTEENTH DEFENSE

Plaintiffs cannot establish any requisite "scienter" on the part of SAI.

149908

Respectfully submitted,

*/s/ Meredith A. Cunningham*
George C. Freeman, III, 14272, T.A.
Meredith A. Cunningham, 26465
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Counsel for Defendants FMR Co., Inc., Strategic Advisers, Inc., Matthew Gibson, Dan Davis, and Jerome Skow*

*Of Counsel*:

David C. Boch
Michael R. Weissmann
Michael C. Moran
BINGHAM MCCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer of Defendant Strategic Advisors, Inc. has been served upon the plaintiffs' counsel by electronic mail, court's electronic system, and/or placing same in the United States Mail, postage prepaid and properly addressed this 30th day of December, 2009.

*/s/ Meredith A. Cunningham*

149908