UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN H. RUGG and PATRICIA A. RUGG,<br><br>Plaintiffs,<br><br>VERSUS<br><br>DAN DAVIS, MATTHEW DAVID GIBSON, JEROME RICHARD SKOW, STRATEGIC ADVISERS, INC., FIDELITY BROKERAGE SERVICES, LLC, and FMR, L.L.C.<br><br>Defendants. | CIVIL ACTION NO. 09-1952<br><br>JUDGE JAMES<br><br>MAGISTRATE JUDGE HAYES |

**ANSWER OF DEFENDANT STRATEGIC ADVISORS, INC. TO
SUPPLEMENTAL, AMENDING, AND RESTATED PETITION FOR DAMAGES**

Defendant Strategic Advisers, Inc. ("SAI") hereby answers the Supplemental, Amending, and Restated Petition for Damages (the "Amended Complaint") of Stephen H. and Patricia A. Rugg (the "Ruggs"). Defendants Fidelity Brokerage Services LLC ("FBS"), FMR LLC ("FMR"), Matthew Gibson, Daniel Davis and Jerome Skow ("Defendants") have separately moved to dismiss the claims against them. To the extent their motion is denied, Defendants will separately answer as required by the applicable Federal Rules of Civil Procedure.

SAI responds to the numbered paragraphs of the Complaint as follows:

1. SAI admits that Daniel Davis is a resident of Texas and that he is an employee of SAI. SAI denies that Matthew Gibson is a resident of the state of Texas or that he is, or at any time was, an employee of SAI. SAI admits that Mr. Gibson is an employee of Fidelity Brokerage Services LLC. SAI admits that Jerome Skow is a resident of Texas and that he is an employee of SAI. SAI admits that Strategic Advisers, Inc. is a foreign

1                                                                                                           155490

corporation. SAI admits that Fidelity Brokerage Services, LLC, is a foreign corporation. SAI admits that FMR LLC is a foreign corporation. SAI denies the remaining allegations in this paragraph.

2. SAI admits that FMR LLC directly or indirectly wholly owns SAI, FBS, National Financial Services LLC and Fidelity Management & Research Company.

3. SAI admits the allegations in this paragraph.

4. SAI admits that accounts for customers in the Portfolio Advisory Services ("PAS") are held at National Financial Services LLC. SAI admits that it prepares and disseminates marketing literature, which documents speak for themselves. SAI denies that FMR prepares, publishes, or disseminates marketing literature.

5. SAI admits that it and other affiliated companies use Fidelity Investments logos. Responding further, any marketing literature speaks for itself. Further responding, SAI denies the remaining allegations in this paragraph.

6. SAI denies that FMR, FBS, and SAI operate as a single business enterprise. SAI admits that its customers may also be customers of FBS. SAI denies the remaining allegations in this paragraph.

7. SAI admits the allegations in this paragraph.

8. SAI denies the allegations in this paragraph.

9. SAI admits the allegations in this paragraph.

10. SAI denies the allegations in this paragraph.

11. SAI denies the allegations in this paragraph.

12. SAI admits the allegations in this paragraph.

13. SAI denies the allegations in this paragraph.

2

155490

14. SAI admits the allegations in this paragraph.

15. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

16. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

17. SAI admits that the Ruggs had brokerage contracts with FBS. SAI denies that the contracts were "for the management of their portfolios."

18. SAI admits that after the Ruggs established their relationship with SAI in the PAS program, SAI had access to certain FBS information about the Ruggs and their accounts. Otherwise SAI denies the allegations in this paragraph.

19. SAI denies the allegations in this paragraph.

20. SAI denies that Mr. Gioco was a shared employee of SAI. Responding further, SAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations.

21. SAI admits that Mr. Gibson spoke with the Ruggs and assisted them in opening their PAS accounts. SAI denies the remaining allegations in this paragraph.

22. SAI admits only that Mr. Gibson is and was at the relevant time an employee of FBS and registered with FBS. SAI denies that Mr. Gibson was a shared employee. Responding further, SAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations.

23. SAI denies the allegations in this paragraph as written. The allegations in this paragraph are not articulated in a comprehensible way.

155490

24. SAI admits that Mr. Gibson and Mr. Gioco discussed with the Ruggs opening a managed account in the PAS program. Responding further, SAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations.

25. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

26. SAI admits that Mr. Gibson assisted the Ruggs in opening their PAS accounts and that he discussed the role of the PAS relationship officer with them. SAI denies the remaining allegations in this paragraph.

27. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as written. The allegations in this paragraph are not articulated in a comprehensible way.

29. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. SAI admits that it provided the Ruggs various documents before they opened their accounts, which documents speak for themselves.

31. SAI admits that the Ruggs spoke with Messrs. Gioco and Gibson before they opened their PAS accounts. Responding further, SAI admits that it provided documentation to the Ruggs before they opened their PAS accounts, which documents speak for themselves. Further responding, SAI admits that in late January 2001 the Ruggs executed customer agreements and opened accounts in the PAS program.

32. SAI admits the allegations in this paragraph.

33. SAI admits that Mr. Davis contacted the Ruggs and that the Ruggs received documents regarding their PAS accounts after they opened their accounts, which documents speak for themselves.

34. SAI admits the allegations in this paragraph.

35. SAI denies that Louisiana had a requirement that investment advisor representatives register with the state and deny that Mr. Davis was not properly registered to conduct business on SAI's behalf.

36. SAI admits the allegations in this paragraph.

37. SAI denies that Mr. Skow was required to register in Louisiana.

38. SAI admits that, as part of the PAS program, it makes changes to customers' portfolios as necessary based on their circumstances. Further responding, the documents mentioned speak for themselves.

39. SAI admits that investment decisions and allocation changes are made based on the information the customer provides in the Investment Profile Questionnaire ("IPQ"), including any updates to that information that the customer provides to SAI. Further responding, the documents mentioned speak for themselves.

40. SAI admits that investment decisions and allocation changes are made based on the information the customer provides in the Investment Profile Questionnaire ("IPQ"), including any updates to that information that the customer provides to SAI. Further responding, the documents mentioned speak for themselves. SAI denies the suggestion that a change in any single criteria or piece of information would necessarily result in a change in allocation or investment strategy.

155490

41. SAI admits only that on an annual basis the relationship officer conducts an annual strategic review of the customer's account. Further responding, the documents mentioned speak for themselves. Otherwise SAI denies the allegation in this paragraph.

42. SAI admits only that the Ruggs remained in the same allocation throughout the time their accounts were in the PAS program. SAI denies the remaining allegations in this paragraph.

43. SAI denies the allegations in this paragraph.

44. SAI admits that in May 2008, the Ruggs informed Mr. Skow that Mr. Rugg was on short term disability, denies being informed that he was planning to take immediate retirement, and admits being informed that he was applying for long term disability. SAI denies the remaining allegations in this paragraph.

45. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, SAI denies these allegations.

45(a). SAI admits that the recommendation for this account was dated January 17, 2001, and further admits that the account was opened and fully funded at the end of January and first invested in early February. Responding further, SAI admits that it conducted an annual review on or about February 26, 2002, and that SAI did not recommend a change to the investment allocation. Responding further, the letter speaks for itself.

45(b). SAI denies that the review was untimely.

45(c). SAI denies the allegations in this paragraph.

45(d). SAI admits the allegations in this paragraph.

45(e). SAI denies the allegations in this paragraph.

45(f). SAI denies the allegations in this paragraph.

155490

45(g).  SAI denies the allegations in this paragraph.

45(h).  SAI denies the allegations in this paragraph.

46.  The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, SAI denies these allegations.

46(a).  SAI admits that the initial recommendation was dated January 22, 2001. Responding further, SAI admits that it conducted an annual strategic review in early 2003. Further responding, SAI admits that it conducted an annual strategic review in February 2002 and therefore denies the remaining allegations in this paragraph.

46(b).  SAI admits that reviews are to be conducted annually. SAI denies the remaining allegations in this paragraph.

46(c).  SAI denies the allegations in this paragraph.

46(d).  SAI admits that Mr. Skow conducted an annual strategic review in November 2006. Responding further, SAI admits that it also conducted reviews in 2003, 2004 and 2005, and therefore denies the remaining allegations in this paragraph.

46(e).  SAI denies the allegations in this paragraph.

46(f).  SAI admits that Mr. Skow sent a letter dated November 13, 2006, which letter speaks for itself.

46(g).  SAI denies the allegations in this paragraph.

46(h).  SAI denies the allegations in this paragraph.

47.  The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, SAI denies these allegations.

47(a).  SAI admits that the recommendation for this account was dated January 22, 2001. Responding further, SAI admits that it conducted an annual review in early 2002 and in

early 2003, and that SAI did not recommend a change to the investment allocation in either review. Responding further, the letter speaks for itself.

47(b). SAI admits that reviews are to be conducted annually. SAI denies the remaining allegations in this paragraph.

47(c). SAI denies the allegations in this paragraph.

47(d). SAI admits that Mr. Skow conducted an annual strategic review in November 2006. Responding further, SAI admits that reviews were also conducted in 2003, 2004 and 2005, and therefore denies the remaining allegations in this paragraph.

47(e). SAI denies the allegations in this paragraph.

47(f). SAI denies the allegations in this paragraph.

47(g). SAI denies the allegations in this paragraph.

47(h). SAI denies the allegations in this paragraph.

47(i). SAI denies the allegations in this paragraph.

48. SAI denies the allegations in this paragraph.

49. SAI denies the allegations in this paragraph.

50. SAI denies the allegations in this paragraph.

## [I] RESCISSION/NULLITY

51. SAI reiterates its response to the allegations set forth above.

52. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

155490

53. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

54. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

55. SAI denies the allegations in this paragraph.

56. SAI denies the allegations in this paragraph.

57. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

58. SAI denies the allegations in this paragraph.

59. SAI admits that Mr. Gioco was an FBS employee and was registered as a securities agent in Louisiana. SAI denies that Mr. Gioco was an SAI employee. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

60. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

61. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

155490

62. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

### [II] BREACH OF CONTRACT

63. SAI reiterates its response to the allegations set forth above.

64. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, SAI denies the allegations in this paragraph.

### [III] DETRIMENTAL RELIANCE

65. SAI reiterates its response to the allegations set forth above.

66. SAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

67. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, SAI denies the allegations in this paragraph.

### [IV] BREACH OF FIDUCIARY DUTY

68. SAI reiterates its response to the allegations set forth above.

69. SAI admits that it owed the Ruggs a fiduciary duty. Responding further, SAI denies that 17 CFR 275.206(4)-7 requires firms enact or enforce a code or ethics. Further responding, SAI admits that 17 CFR 275.204A-1 requires federally registered advisors to adopt a code of ethics. Responding further, that regulation speaks for itself.

70. SAI admits that it owed the Ruggs certain duties as described in its agreements with them, which documents speak for themselves.

155490

71. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, SAI denies the allegations in this paragraph.

### [V] GROSS NEGLIGENCE

72. SAI reiterates its response to the allegations set forth above.

73. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

### [VI] BREACH OF STATE AND FEDERAL LAW

74. SAI reiterates its response to the allegations set forth above.

75. SAI has separately moved to dismiss this claim. To the extent that motion is denied, SAI will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

### [VII] FBS and FMR LIABILITY

76. SAI reiterates its response to the allegations set forth above.

77. FBS and FMR have separately moved to dismiss this claim. To the extent that motion is denied, FBS and FMR will answer this claim at the time and to the extent called for by the Federal Rules of Civil Procedure.

### DAMAGES/RELIEF

78. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

79. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

155490

80. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

81. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

82. SAI admits that the Ruggs paid management fees for their PAS accounts, which fees were disclosed on their account statements. The account statements speak for themselves.

42. This paragraph contains a request for relief for which no response is necessary. To the extent a response is required, SAI denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred because the Complaint and each count thereof fail to state claims upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, prescriptive and/or peremptive periods.

### THIRD DEFENSE

Plaintiffs' claims are barred because the injuries Plaintiffs' claim were suffered were caused by the acts or omissions of third parties for which SAI is not responsible.

### FOURTH DEFENSE

Plaintiffs' claims are barred, or the amount they can recover is reduced, because Plaintiffs' injuries were caused by their own comparative fault.

155490

## FIFTH DEFENSE

Plaintiffs' claims are barred because there was an intervening and/or superseding cause of their injuries.

## SIXTH DEFENSE

The amount Plaintiffs may recover is reduced by their failure to mitigate damages.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because SAI did not cause the losses they suffered.

## EIGHTH DEFENSE

All activity in Plaintiffs' accounts was suitable for and consistent with Plaintiffs' stated investment objectives, as well as with their financial situations.

## NINTH DEFENSE

Plaintiffs authorized and ratified all of the transactions in their accounts.

## TENTH DEFENSE

Plaintiffs' losses, if any, were sustained as a result of or associated with their assumption of the risks associated with the investment vehicles they chose.

## ELEVENTH DEFENSE

Plaintiffs, by their actions and inactions, waived their rights to pursue their claims.

## TWELFTH DEFENSE

SAI breached no duties owed to Plaintiffs.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, due diligence, unclean hands, and estoppel.

## FOURTEENTH DEFENSE

Plaintiffs' damages (to the extent there are any, which is denied) are subject to appropriate reduction or set-off by the amount of income received from their investments.

## FIFTEENTH DEFENSE

To the extent required, Plaintiffs cannot establish any requisite "scienter" on the part of SAI.

## SIXTEENTH DEFENSE

This matter should be stayed pending arbitration of the claims brought against Matthew David Gibson and Fidelity Brokerage Services LLC

Respectfully submitted,

/s/ *Meredith A. Cunningham*
George C. Freeman, III, 14272, T.A.
Meredith A. Cunningham, 26465
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Fax:     (504) 589-9701

David C. Boch (*pro hac vice*)
Michael R. Weissmann (*pro hac vice*)
Michael C. Moran (*pro hac vice*)
BINGHAM MCCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000
Fax:     (617) 951-8736

*Counsel for Defendants Dan Davis, Matthew David Gibson, Jerome Richard Skow, Strategic Advisers, Inc., Fidelity Brokerage Services LLC, and FMR LLC*

155490

15

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the plaintiffs' counsel by electronic mail, court's electronic system, and/or placing same in the United States Mail, postage prepaid and properly addressed this 19th day of March, 2010.

<u>/s/ Meredith A. Cunningham</u>